IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, )  )  Plaintiff, )  )  vs. )  )  TAVON UPTON, )  )  Defendant. ) | CRIMINAL NO. 05-30115-WDS |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court is defendant's motion to exclude the testimony of Lt. Kurt Eversman (Doc. 91). The defendant seeks an evidentiary hearing on the motion.

The government previously filed a notice of expert witnesses (Doc. 88) listing, *inter alia*, that it intends to offer the testimony of Lt. Eversman as to the manner in which firearms are used by individuals involved in drug trafficking and sales and the customs and tools of narcotics traffickers. He is further expected to testify ast to the potential profit to be made by a distributor of cocaine and cocaine base in St. Clair County, Illinois, and that the amount of cocaine and cocaine base seized from the defendant was intended for distribution and not for personal use.

The defendant's motion challenges the witness' training and experience; objects to testimony relating to the use of firearms for protection and the value of having a firearm in close proximity pursuant to Fed. R. Evid. 702; to the proposed testimony on general practices of the drug trade as irrelevant under Rule 402; and to all of his testimony as more prejudicial than probative. Rule 403.

Police officers have long been allowed to give expert testimony about the nature, structure, and characteristics of drug trafficking. *See United States v. Cruz-Velasco*, 224 F.3d

654, 660 (7th Cir.2000); *United States v. Breland*, 356 F.3d 787, 792 (7th Cir.2004) ("intent to distribute can be inferred from the possession of a quantity of drugs larger than needed for personal use").  It is well-settled that the methods and structure of narcotics trafficking is a proper source of expert testimony. *See United States v. Mancillas*, 183 F.3d 682, 704-06 (7th Cir.1999); *United States v. Navarro*, 90 F.3d 1245, 1261 (7th Cir.1996) ("Law enforcement officers ... may qualify as experts in narcotics trafficking and may offer explanations to the jury."); *United States v. Lipscomb*, 14 F.3d 1236, 1239-43 (7th Cir.1994); *United States v. Brown*, 7 F.3d 648, 652 (7th Cir.1993); *United States v. Foster*, 939 F.2d 445, 451 (7th Cir.1991); *United States v. Solis*, 923 F.2d 548, 550-51 (7th Cir.1991).

Rule 702 of the Federal Rules of Evidence provides that "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to determine a fact in issue" an expert "may testify thereto."  The Supreme Court has made clear that in applying Rule 702, district courts serve a gatekeeping function and must ensure that the expert testimony at issue "both rests on a reliable foundation and is relevant to the task at hand." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993); *see also Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999).  Although the *Daubert* Court identified a number of factors to be considered when evaluating the admissibility of expert testimony, including testing, peer review, error rates, and acceptability within the relevant professional community, these factors do not establish a definitive checklist. *See Kumho*, 526 U.S. at 150; *Daubert*, 509 U.S. at 593 Rather, the applicability of the various *Daubert* factors depends on the particular facts and circumstances of each case. *Kumho*, 526 U.S. at 150.

The Court **FINDS** that in order to be qualified as an expert, Lt. Eversman's testimony must be both reliable and relevant.  Once the government lays a proper foundation for Lt.

Eversman's testimony, the Court can determine if he is qualified as an expert witness. The government can make this showing by a proffer before it calls Lt. Eversman to testify at trial.

Accordingly, the Court **DENIES** defendant's motion to exclude the testimony of Lt. Eversman as an expert witness for the government pending the government's showing of his expertise and training in this area. Defendant's request for an evidentiary hearing is **DENIED.**

**IT IS SO ORDERED.**

**DATED:   April 18, 2006.**

                                    **s/ WILLIAM D. STIEHL           **
                                       **DISTRICT JUDGE**