IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CRIMINAL NO. 05-30115-WDS |
| | ) | |
| TAVON UPTON, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

This matter is before the Court on defendant's motion in limine (Doc. 86), to which the government has filed a response.

Defendant's motion seeks to preclude certain police officers from testifying that the defendant made certain declarations, including statements such as: "I can't go back to jail," "I can't go back to prison," "I can't be confined" and the like. The defendant asserts that these statements would violate Fed. R. Evid. 404(b) which prohibits the introduction of character evidence for the purpose of indicating a propensity to engage in criminal behavior and that these statements are not relevant nor related to any issues at bar.

In response, the government states that these statements were made primarily to Cahokia Detective Phillip Taylor during the defendant's transportation to the Cahokia Police Department after his arrest. The government asserts that theses statements are relevant to the issue of the defendant's knowledge that he was guilty of the offense for which he had been arrested, and the statements make it more likely that he committed the offenses for which he had been arrested.

In this case, the statements the defendant made while in the police car were not the result

of an interrogation.[1] Clearly, the defendant volunteered the statement that he did not want to return to jail. Volunteered statements are not subject to *Miranda* warnings. *United States v. Westbrook*, 125 F.3d 996, 1002 (7th Cir. 1997). Therefore, there is no *Miranda* concern raised with the admission of these statements. Furthermore, Fed. R. Evid. 801(d)(2)(A) provides that a party's own statements are not hearsay. *See also United States v. Woods*, 301 F.3d 556, 561 (7th Cir. 2002). On that basis alone, the defendant's statement would be admissible against him.

However, the defense asserts that the government is attempting to use these statements improperly under Rule 404(b).[2] The government has asserted that these statements are inextricably intertwined with the acts of the defendant when he attempted to flee police custody immediately after his arrest and during his transportation to the Cahokia Police Department by trying to kick out of the police car's door. The Seventh Circuit has held that "evidence of uncharged criminal activity is not considered 'other crimes' evidence under Fed. R. Evid. 404(b) if it arose out of the same transaction or series of transactions as the charged offense, if it is inextricably intertwined with the evidence regarding the charged offense, or if it is necessary to complete the story of the crime on trial." *United States v. Lott,* 2006 WL 760160 (7th Cir. March 27, 2006) (*quoting United States v. Roberts*, 933 F.2d 517, 520 (7th Cir. 1991) (internal quotation marks omitted)). *See also United States v. Akinrinade*, 61 F.3d 1279, 1285-86 (7th Cir. 1995) (referring to this as the "intricately related" doctrine).

---

[1] It is well settled that in general, a suspect subjected to a custodial interrogation must be advised of his *Miranda* rights before questioning, or the statement will be inadmissible. *Miranda v. Arizona*, 384 U.S. 436, 444 (1966). There is nothing in the record to establish that these statements were the product of any questioning at all by the transporting officers.

[2] Rule 404(b) prohibits using "other crimes" evidence to show the defendant's propensity for criminal behavior. Fed. R. Evid. 404(b). But evidence of other crimes is permitted if: (1) it is offered to show a matter in issue other than the defendant's propensity to commit crime; (2) the other act is similar enough and close enough in time to be relevant to the matter in issue; (3) there is sufficient evidence to support a jury finding that the defendant committed the other act; and (4) the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice. *See United States v. Anifowoshe*, 307 F.3d 643, 646 (7th Cir. 2002).

Therefore, evidence "concerning the chronological unfolding of events that led to an indictment, or other circumstances surrounding the crime, is not evidence of 'other acts' within the meaning of Fed. R. Evid. 404(b)." *United States v. Ojomo*, 332 F.3d 485, 489 (7th Cir. 2003) (*quoting United States v. Ramirez*, 45 F.3d 1096, 1102 (7th Cir. 1995)) *quoted in United States v. Chavis,* 429 F.3d 662, 670 (7th Cir. 2005).   In *Ramirez*, the court held that for evidence to qualify as inextricably intertwined evidence that is outside the provisions of Rule 404(b), "the question is whether the evidence is properly admitted to provide the jury with a 'complete story of the crime [on] trial,' whether its absence would create a 'chronological or conceptual void' in the story of the crime, or whether it is 'so blended or connected' that it incidentally involves, explains the circumstances surrounding, or tends to prove any element of, the charged crime." *Ramirez*, 45 F.3d at 1102 (internal citations omitted) *quoted in Chavis*, 429 F.3d at 670.

Here, the Court **FINDS** that evidence of the defendant's behavior during his transportation to the Cahokia Police Department, including any statements he may have made during that time, may be relevant and related to the government's evidence that the defendant attempted to flee from law enforcement at the time of his arrest.  The Seventh Circuit has approved the admission of evidence of flight as follows:

> While we allow evidence of flight to be presented, courts must engage in careful deliberation when considering its admission. Determination of the probative value of flight as evidence of a defendant's guilt depends on the degree of confidence with which four inferences can be drawn: (1) from behavior to flight; (2) from flight to consciousness of guilt; (3) from consciousness of guilt to consciousness of guilt concerning the crime charged; and (4) from consciousness of guilt concerning the crime charged to actual guilt of the crime charged.

*United States v. Robinson,* 161 F.3d 463, 469 (7th Cir. 1998).   Here, the defendant attempted to flee at least two times after his arrest.  The Court will permit the government to make an offer of proof as to how it intends to make the appropriate showing for the admission of evidence of

3

flight under the appropriate Seventh Circuit standard.

Of course all evidence, whether evidence of flight, or that which is inextricably intertwined evidence, must still meet the standards of Rule 403, which provides that relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." *Id.* See also, *Chavis*, 429 F.3d at 670.

Therefore, the Court **DENIES** defendant's motion in limine provided the government makes an appropriate showing connecting the evidence of the defendant's flight attempt to his consciousness of guilt. If that showing is made, the Court will allow the admission of that evidence together with the defendant's statements about not wanting to return to jail.

**IT IS SO ORDERED.**

**DATED:   April 18, 2006.**

s/ WILLIAM D. STIEHL
    DISTRICT JUDGE
