## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CRIMINAL NO. 05-30115-WDS |
| | ) | |
| TAVON UPTON, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM & ORDER

**STIEHL, District Judge:**

This matter is before the Court on the government's motion in limine (Doc. 87) to which the defendant has filed a response. Upon review of the record, the Court rules as follows:

1. Evidence and argument regarding matters of law already adjudicated by the Court.

This part of the motion is specifically addressed to the Court's pre-trial rulings on the defendant's motions to suppress which were denied in the Court's Order of March 23, 2006. The defendant has objected to this part of the motion on the grounds that the jury is entitled, as provided in Seventh Circuit Pattern Instruction 3.02, to make a determination if the defendant did, in fact, make a statement, and the weight to be given the statement, including the circumstances under which the statement was made.

Although the Court will permit the defendant to argue in accordance with this instruction, it will not allow the defendant to re-litigate the issue of the admissibility of the statement. In fact, the committee notes for Pattern Instruction 3.02 specifically provide:

> The instruction does not contemplate submission to the jury of a question concerning voluntariness of the statement. Clearly, due process of law prohibits criminal convictions based even partially upon involuntary statements of a defendant, irrespective of the truth or falsity of those statements. Rogers v. Richmond, 365 U.S. 534 (1961). However, the instruction assumes that any voluntariness

> challenge was decided adversely to the defendant by the court
> following a hearing comporting with the requirements of *Jackson v.*
> *Denno*, 378 U.S. 368 (1964), and 18 U.S.C. § 3501. Consequently,
> reconsideration of the voluntariness issue by the jury is not required.
> *Lego v. Twomey*, 404 U.S. 477 (1972).

This Court has previously determined the issue of voluntariness, and it would not, therefore, be appropriate to allow the defendant to re-assert that claim to the jury.

Accordingly, the Court **GRANTS** the government's motion in limine on this point.   The defendant may, however, argue the weight to be given to the defendant's statement in light of the circumstances under which it was made.

2   Evidence that Philip Taylor, then Detective for the Cahokia Police Department, struck the defendant.

At the hearings on the motion to suppress, it was revealed that during the course of the defendant's transportation to the Cahokia Police Department, Taylor struck the defendant in the face as he attempted to push the defendant back into the patrol car.  The defendant asserts that his physical condition is relevant to the issue of the circumstances of his confession.   Although the Court will not allow the defendant to re-litigate the *voluntariness* of the statement, the Court **FINDS** that the defendant's physical condition may be considered by the jury as part of the conditions under which the statement was given.  Accordingly, the Court will allow the evidence of the fact that during the defendant's transport he was struck in the face by Taylor.  Of course, as part of this ruling,  the government will be allowed to fully explore the defendant's behavior before and after the incident in question.  The defendant has agreed not to attempt to introduce evidence relating to a non-related incident involving Taylor and others at Pop's Night Club.

Therefore, the Court **GRANTS** in part and **DENIES** in part this point of the government's motion in limine.  The defendant may not seek to introduce evidence relating to

Taylor's involvement in an incident at Pop's Night Club. The defendant may introduce evidence that during his transportation to the Cahokia Police Department, the defendant was struck in the face by Taylor as he attempted to push the defendant back into the police car.

    3.   Argument on Reasonable Doubt.

In this part of the motion, the government seeks to restrict defense counsel from presenting argument at any point in the trial which attempts to define reasonable doubt. In response, the defendant indicates that counsel will not attempt to define reasonable doubt, but will argue that the evidence supports an inference of reasonable doubt. It is well settled in this circuit that it is improper to attempt to define reasonable doubt. *See, e.g.*, *United States v. Bruce*, 109 F.3d 323, 329 (7th Cir. 1997) (neither the trial court nor counsel should attempt to define "reasonable doubt"); *United States v. Hanson*, 994 F.2d 403, 408 (7th Cir. 1993) (attempts to define reasonable doubt present risk without any real benefit); *United States v. Langer*, 962 F.2d 592, 600 (7th Cir. 1992) (holding "reasonable doubt" is a self-explanatory concept and an attempt to further define the term would confuse the jury); *United States v. Hall*, 854 F.2d 1036, 1039 (7th Cir. 1988) (attempts to define "reasonable doubt" are not helpful to a jury and potentially impair a defendant's constitutional right to have the government prove each element beyond a reasonable doubt).

The Court is confident that defense counsel will not improperly attempt to do so, and, therefore, the government's motion on this ground is **DENIED**.

    4.   Evidence and argument regarding the effect of a guilty verdict.

In this part of the motion, the government seeks to preclude the defendant from making an argument to the jury with respect to the possible sentence that the defendant faces. The defendant has agreed not to make an argument of that nature, but does seek to argue against

sending an innocent man to prison. Therefore, the Court **GRANTS** the government's motion on this point.  Defense counsel may not argue the possible sentence.

   5.   Jury nullification arguments.

   In this part of the motion, the government seeks to prohibit defense counsel from presenting argument or possibly suggesting jury nullification.  The Seventh Circuit has held that jury nullification is "not to be positively sanctioned by instructions," but is to be viewed as an "aberration under our system." *United States v. Anderson*, 716 F.2d 446, 450 (7th Cir. 1983); *see also United States v. Kerley*, 838 F.2d 932, 938 (7th Cir. 1988); *United States v. Brown*, 548 F.2d 204, 210 (7th Cir. 1977).   Defense counsel has indicated in his response that he will not urge the jury to disregard the Court's instructions on the law, and therefore, the Court **DENIES** the government's motion on this point as moot.

   **IT IS SO ORDERED.**

   **DATED:   April 18, 2006.**


                        s/ WILLIAM D. STIEHL
                        **DISTRICT JUDGE**