IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **CRIMINAL NO. 05-30115-WDS** |
| | ) | |
| **TAVON UPTON,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court is defendant's motion in limine to preclude the government from introducing certain Fed. R. Evid. 404(b) evidence at trial (Doc. 93), to which the government has filed a response (Doc. 97). Defendant asserts that some of the information provided is untimely, specifically, the information concerning two controlled buys made by a confidential source (CS), and that the remaining evidence of defendant's prior convictions do not meet the admissibility test for Rule 404(b) evidence.

## BACKGROUND

On April 6, 2006, the Court entered an Order (Doc. 76) granting a motion filed by prior defense counsel (Doc. 22) and directing the government to notify the defendant of any 404(b) evidence. By letter dated April 13, 2006,[1] the government advised the defendant of the

---

[1] Technically, the 404(b) notice of any new materials should have been done by April 12. However, on August 8, 2005, the government had already provided information to defendant's prior counsel, Assistant Federal Defender, Andrea Smith, of the evidence it would seek to introduce at trial (the letter is attached to Doc. 92). Included in the notice provided to Ms. Smith was the following:

> "Defendant entered a plea of guilty to the charge of Aggravated Battery in St. Clair County Circuit Court Case Number 96-CF-1094 wherein he was originally charged with Aggravated Battery with a Firearm for shooting another individual in the back with a pistol.

following 404(b) evidence which it would seek to introduce at trial:

    a.    The letter provided:

        (1)    Defendant entered a plea of guilty to the charge of Aggravated Battery in St. Clair County Circuit Court Case Number 96-CF-1094 wherein he was originally charged with Aggravated Battery with a Firearm for shooting another individual in the back with a pistol.

        (2)    Defendant entered a plea of guilty to the charge of Unlawful Use of a Weapon in St. Clair County Circuit Court Case Number 97-CF-287.

In addition, the government has indicated that it intends to introduce evidence that the defendant sold narcotics to a CS working with the St. Clair County Drug Tactical Unit on July 9 and July 15, 2003, inside the residence at 37 St. Justin, and that the government reserved the right to argue that this evidence is "inextricably interrelated" to the charged crimes.

## DEFENDANT'S MOTION IN LIMINE

1. Defendant's Prior Convictions

To the extent that the defendant's motion contends that the government's disclosure of 404(b) evidence was untimely, this contention is without merit. The information provided in the April 13, 2006, letter with respect to the defendant's prior convictions is identical to that provided in August of 2005 to defendant's prior counsel Andrea Smith.

---

Defendant entered a plea of guilty to the charge of Unlawful Use of a Weapon in St. Clair County Circuit Court Number 97-CF-287.

The government reserves the right to argue in the alternative that the evidence is independently admissible as being "inextricably interrelated" to the crime charged in the indictment."

Under Rule 404(b) a four-part standard exists to establish admissibility.

> (1) the evidence [must be] directed toward a matter in issue other than the defendant's propensity to commit the crime charged; (2)the evidence [must] show[ ] that the other act is similar enough and close enough in time to be relevant to the matter in issue; (3) the evidence [must be] sufficient to support a jury finding that the defendant committed the similar act; and (4) the probative value of the evidence [must] not [be] substantially outweighed by the danger of unfair prejudice.

*United States v. Best*, 250 F.3d 1084, 1090-91 (7th Cir.2001). Here, the government asserts that the evidence of defendant's prior convictions is admissible under Rule 404(b) to show that the defendant was a felon in possession of a firearm, as charged in Count 2 of the Indictment. However, in light of the stipulation to be entered into between the defendant and the government as to the defendant's prior felony, the government has now stated that it does will not seek to introduce this evidence at trial. Accordingly, defendant's motion in limine on this point is, therefore, **DENIED** as moot.

2. The CS buys on July 9 and 15, 2003

With respect to the information concerning the controlled buys by the CS from 37 St. Justin, the Court **FINDS** that the notice concerning the CS buys was not untimely, even if not disclosed before April 13, 2006, because that information is admissible on grounds other than Rule 404(b). The evidence of the two controlled buys is clearly "inextricably intertwined" with the charged offenses. The evidence presented to the Court at the suppression hearings established that the CS purchases were part of the ongoing investigation of the defendant and actually led to the search of his residence and the charges against him.

The evidence of the two controlled buys helps to complete the story of the crime on trial, and the absence of this information would create a chronological or conceptual void in the story

of the crime.  Moreover, it is so blended or connected that it involves the charged crimes, it explains the circumstances surrounding the investigation of the defendant, and it tends to prove an element of the charged crime, specifically the charge of possession with intent to distribute. *See, United States v. Gougis*, 432 F.3d 735, 738 (7th Cir. 2005).

Therefore, the Court **DENIES** defendant's motion in limine on this ground and finds that the evidence of the controlled buys on July 9 and 15 are separately admissible.

Accordingly, the Court **DENIES** defendant's motion in liminie on all grounds raised.

**IT IS SO ORDERED.**

**DATED:   April 19, 2006.**


                                        **s/ WILLIAM D. STIEHL**
                                            **DISTRICT JUDGE**